IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW ADAMSON,<br><br>      Plaintiff,<br>v.<br><br>W.R. COLEMAN EXCAVATION, LLC, a Utah limited liability company, dba COLEMANXCAVATION; KYLE COLEMAN; WALLACE COLEMAN; and DON COLEMAN,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-CV-00092<br><br>District Judge Jill N. Parrish |

  This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF No. 20) and Motion to Strike Declaration (ECF No. 27). The matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the reasons below, the Court grants Defendant's Motion to Strike, grants Defendant's Motion for Summary Judgment as to Plaintiff's federal law claim, and dismisses Plaintiff's state law claims without prejudice.

### I. FACTUAL BACKGROUND[1]

  In September 2015, Plaintiff worked as a laborer for Defendant W.R. Coleman Excavation, LLC. On September 21, 2015, Adamson sent this text message to his supervisor, Defendant Don Coleman:

> Hey Don it's Matt I was wondering if your able to do cash advances I'm in a real tight situation with my house I understand if you can't thought I would ask you before I try getting loans you're a lot easier to pay off then a loan would be

---

[1] The Court considers the following facts undisputed and views them in the light most favorable to Plaintiff. Because the Court grants Defendants' motion to strike Plaintiff's declaration, this section does not include facts taken from that declaration.

1

When Coleman asked how much Adamson was asking for, Adamson responded:

> It would be my whole next check plus some out of my next check if possible I need 1000 if you could I know it's a lot to ask for but I won't burn you ill pay it back but like I Said if not I understand I'll appreciate how ever much you can do

Although Adamson originally asked for $1,000, he increased his request to $2,000 after speaking with his wife. Coleman agreed.

Sometime after Adamson requested $2,000, Adamson texted Coleman with another request:

> Hey man my wallet got stolen out of my truck last night and it had 400 dollars In it all my money I had to my name and now I have no money to live I was wondering if you could help me out again I hate to ask and don't expect the help it's my only option for help though. I understand it's not your problem but you have been helpful before so I thought I would ask if you cannot I understand completely thanks don

To this, Coleman responded, "Dang dude that sucks bad. Ya I can help ya." Coleman agreed to advance Adamson an additional $500. Payments to Adamson totaled $2,500.

Although Adamson originally offered to have Coleman deduct in full what Adamson owed from his next two paychecks, Coleman determined to deduct smaller amounts over a longer period of time as shown in the table below. The $800 deduction on December 18, 2015 is at the core of this lawsuit.

| Date | Cash Advance Repayment Withholding | Year-to-Date Repayment Withholding | Remaining Repayment Balance |
|---|---|---|---|
| September 25, 2015 | $250 | $250 | $2,250 |
| October 9, 2015 | $250 | $500 | $2,000 |
| October 24, 2015 | $0 | $500 | $2,000 |
| November 6, 2015 | $400 | $900 | $1,600 |
| November 20, 2015 | $250 | $1,150 | $1,350 |
| December 4, 2015 | $0 | $1,150 | $1,350 |
| December 18, 2015 | $800 | $1,950 | $550 |

## II. PROCEDURAL BACKGROUND

On February 3, 2016, Plaintiff Matthew Adamson filed a Complaint against Defendants, bringing tort and contract claims and alleging violations of the Fair Labor Standards Act ("FLSA") and Utah wage statutes.

On September 20, 2016, Plaintiff gave a deposition in this case. The deposition lasted only two hours and included direct examination by Mr. Randall Jeffs for the Defendants and cross examination by Plaintiff's own attorney, Mr. Gregory Smith. Defendants' summary judgment motion and Plaintiff's opposition both rely in large part on the testimony Plaintiff gave at that deposition. However, in opposition to Defendants' summary judgment motion, Plaintiff filed a signed declaration (ECF No. 22). Defendants urge this Court to strike Plaintiff's declaration. They contend that it directly contradicts his deposition testimony and that it was submitted to create a sham fact issue.

## III. MOTION TO STRIKE

### A. STANDARD

Defendants urge this Court to strike Plaintiff's signed declaration as a sham affidavit. In determining whether an affidavit is merely a sham intended to create issues of fact, the Tenth Circuit has held:

> whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements. In assessing a conflict under these circumstances, however, courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue.

*Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) (citations omitted). Courts considering whether affidavits attempt to create a sham fact issue consider several factors. Those include:

> whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or

3

whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.

Id.

## B. DISCUSSION

At Plaintiff's deposition, he testified that he "would pay the company back the loan," that he would "pay the company back," that he asked for a payroll advance, and that he intended the payments to be an advance on his paycheck. His signed declaration attempts to obfuscate his previous testimony, indicating that he did not "ever say [he] wanted a payroll advance from Coleman Excavation," and that he "thought [Don Coleman] was giving [Plaintiff] a loan, and that [Plaintiff] would pay [Don Coleman] back."

Plaintiff's declaration runs afoul of each factor enumerated by the Tenth Circuit in *Franks v. Nimmo*. First, he was cross-examined during his earlier deposition, and his declaration flatly contradicts the testimony he gave. Second, Plaintiff had access to the pertinent evidence at the time of his earlier testimony. Indeed, the majority of his testimony dealt with text conversations he had had with Coleman and his own understanding of their agreement. Third, Plaintiff's earlier testimony does not reflect confusion that the declaration attempts to explain. In fact, Plaintiff's prior testimony consistently demonstrated his understanding that he would receive an advance from Coleman Excavation that would be deducted from his paycheck.

This Court has carefully scrutinized the declaration and the deposition transcript. Plaintiff's declaration is little more than an attempt to repaint his testimony, crafted to defeat Defendants' Motion for Summary Judgment. The Court strikes the declaration as an attempt to create sham issues of fact. Both Plaintiff and his counsel are warned against submitting documents that completely contradict earlier sworn testimony, without any plausible justification for the contradictions, to this or any court.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. STANDARD

Defendants have moved for summary judgment. Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying this standard, courts must "construe the evidence and the reasonable inferences drawn therefrom in the light most favorable to the nonmovant." *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002). However, the nonmoving party "is entitled to only those inferences that are 'reasonable.'" *Hornady Mfg. Co. v. Doubletap, Inc.*, 746 F.3d 995, 1004 (10th Cir. 2014) (quoting *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013)). "[C]onclusory allegations without specific supporting facts have no probative value." *Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1145 (10th Cir. 2005) (internal citations and quotations omitted).

### B. DISCUSSION

Plaintiff's First Cause of Action alleges an unspecified violation of the FLSA. Based on the Court's reading of the Complaint, Plaintiff's allegation seems to revolve around the FLSA's minimum wage requirement codified at 29 U.S.C. § 206. Under § 206(a)(1)(C), Coleman Excavation was required to pay Plaintiff wages not less than $7.25 an hour. Plaintiff's December 18 pay stub indicates that Plaintiff worked 74.5 hours. But after tax withholdings and an $800 deduction for "Cash Advance Repayment," Plaintiff received $25.33 in take-home pay—far less than the mandated $7.25 per hour.

Defendants argue that an exception to the minimum wage requirement applies. They urge this Court to apply an exception outlined in *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362 (5th Cir. 1973). In that case, the Fifth Circuit identified two existing exceptions to the

FLSA's minimum wage requirement. *Id.* at 1369. The first exception permits employers to count as wages "the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." *Id.* (quoting 29 U.S.C. § 203(m)). The second permits "repayment to the employer of amounts misappropriated by the employee by means of paycheck deductions." *Id.* at 1369 (citing *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196 (5th Cir. 1972), *cert. denied*, 409 U.S. 1108). The Fifth Circuit then held that "a similar rule should obtain for repayment by paycheck deductions of free and clear advances to employees, for the Act does not require inflexibility in the timing of the payment of wages or seek to discourage loans to employees." *Id.*; *see also Martin v. AMR Corp.*, No. 07-CV-4812, 2009 WL 10670534 (C.D. Cal. May 18, 2009) (relying on *Veterans Cleaning Service* and dismissing a FLSA minimum wage claim).

Plaintiff does not respond to this argument directly. Instead, he argues that the $2,000 and $500 payments he received were not advances from Coleman Excavation. Rather, they were personal loans from Don Coleman. In support, Plaintiff notes (1) that the agreement was only memorialized in texts between himself and Don Coleman, (2) that none of the text messages refer to Coleman Excavation, and (3) that none of the texts use the term "payroll advance."[2]

Plaintiff's arguments are plainly unavailing. First, the Court is not aware of, and Plaintiff has not cited to, any case law suggesting that an agreement for a payroll advance memorialized in text messages is any less an agreement for a payroll advance. Second, as an owner of Coleman Excavation, Don Coleman could presumably authorize payroll advances. Plaintiff has not argued otherwise. And the parties' failure to mention Coleman Excavation by name in their text

---

[2] Plaintiff alleged in his Complaint that he received checks from Don Coleman's personal checking account. However, the uncontroverted evidence is that the checks were drawn on the account of Coleman Excavation. And in responding to Defendant's motion, Plaintiff admits that the advances were paid by Coleman Excavation.

message exchange does not imply that Don Coleman was making Plaintiff a personal loan. Third, in Plaintiff's first request for a "cash advance[ ]," he volunteered that the advance be deducted from his "whole next check plus some out of [his] next check." Despite this, Plaintiff asks the Court to read "cash advance" as "private loan" rather than "payroll advance." Such a reading is factually unsupported and unreasonable.

Plaintiff's arguments also fly in the face of his own testimony. During his deposition, Plaintiff repeatedly confirmed his understanding of the payments as a payroll advance from Coleman Excavation.

- **Q.** All right. So this is you in writing again asking Don for a payroll advance; correct?
  **A.** In text message, correct.

- **Q.** Okay. And I don't want to take it out of context. I just want to ask, was that a commitment or a reaffirmation on your part that you will pay back the loan?
  **A.** It was a - - it was me saying that I would pay the company back the loan.

- **Q.** So you're, again, reaffirming your responsibility to pay him back; correct?
  **A.** To pay the company back, yes.

- **Q.** Okay. So then my question is, it says - - you used the phrase, when you broached this topic, 'cash advances.' Advance on what? Were you intending in that to be an advance on your paycheck?
  **A.** Yeah. Or just whatever he could do, really.

- **Q.** Okay. So it was your intent that this be coming out of your paycheck?
  **A.** Yes.

Based on the undisputed facts, no reasonable jury could conclude that the payments from Coleman Excavation to Plaintiff were anything but a payroll advance. Furthermore, the Court finds the reasoning of *Veterans Cleaning Service* persuasive and adopts the exception to the minimum wage requirement for payroll advances. Plaintiff had free and clear use of the money

he received in advance. Therefore, Coleman Excavation's deductions to recoup its advances to Plaintiff must be counted as wages. Consequently, Plaintiff was not paid less than minimum wage and his claim under the FLSA fails as a matter of law.

### V.  PLAINTIFF'S STATE LAW CLAIMS

The Court has dismissed Plaintiff's only claim arising under federal law. Resolving the remaining state claims would require the Court to unnecessarily make decisions of state law. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Smith v. City of Enid ex rel. Enid City Comm'n* 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") Therefore, the Court dismisses Plaintiff's state law claims without prejudice.

### VI.  ORDER

Defendants' Motion to Strike is **GRANTED**, and their Motion for Summary Judgment is **GRANTED IN PART**. Plaintiff's claim arising under the FLSA is **DISMISSED WITH PREJUDICE.** His state claims are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED September 19, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge